Mr. Justice Clayton
delivered the opinion of the court.
This case involves the construction of the will of Levi Pur-nell, deceased. Upon the trial in the court below, the plaintiff asked the court to instruct the jury, “ that by the will of Levi Purnell, his wife Mary took an absolute interest or fee simple, in the slaves therein bequeathed to her.” This instruction the court refused to give, and the propriety of that decision is the only question for this court to determine.
A great number of cases was read upon the argument, to show what is the true meaning of the will; but unless precisely the same words are used in both wills, and in the same connection, adjudicated cases can give but little aid in exposition. The great rule of interpretation is, that the intention of the testator must be ascertained from the language employed in the will, and must be carried into effect, if not inconsistent with the rules of law. In seeking for the intention, words are to be taken in their ordinary and grammatical sense, unless a clear intention to use them in another, can be collected. Good faith and common sense alike sanction these rules. 2 Jarman on Wills, 738, et seq.; Lieber’s Legal Herman. 120. When there is no ambiguity in the words, there is no room for interpretation.
The clause of the will, which has given rise to the controversy, is in these words : “ I give, devise and bequeath to my beloved wife, Mary Purnell, for her life to her exclusive use, during the term of her natural life, in lieu of her dower and distributive share in and to my real and personal estate in the state of Mississippi, the mansion house occupied by us as our residence, and the tract of land on which said house stands, and all the out-buildings, improvements and appurtenances thereunto belonging; together with all the furniture, plate, carriages, horses, mules, stock, garden and farming utensils, servants, slaves and chattels, now used or engaged in and about said dwelling house and premises, or either of them, and constituting any part of our said dwelling establishment on said premises, or the cultivation of the same, and that upon my said *154 wife’s death, said land and mansion house shall go to my said son Thomas and his heirs.”
To our minds there is neither ambiguity nor obscurity in this language. The testator expressly limits the duration of the estate to the life of his wife. If he has made no farther disposition of the slaves, the law makes it for him. He might have known this, and have been satisfied with that destination ; or there may be an unintentional omission to dispose of the remainder after the life estate ; but in either event, this court can neither supply words, nor add to the plain meaning of those employed. There is no other portion of the will which affects the sense of the words in this clause.
The judgment is affirmed.